```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHESTER GERSTENBLUTH,

                Plaintiff,

     -against-                              ORDER
                                            11-CV-2525 (JS)(GRB)
CREDIT SUISSE SECURITIES (USA) LLC
and the INTERNAL REVENUE SERVICE,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:        Chester Gerstenbluth, pro se
                      41 Burton Ave
                      Plainview, NY 11803

For Defendants:
The Internal Revenue  David Miller Steiner, Esq.
Service               U.S. Department of Justice
                      P.O. Box 55
                      Washington, DC 20044

Credit Suisse         Wendy J. Saperstone, Esq.*
                      Dewey Pegno & Kramarsky LLP
                      777 Third Avenue
                      New York, NY 10017
                      *limited appearance
```

SEYBERT District Judge:

Pro se Plaintiff Chester Gerstenbluth sued Defendants Credit Suisse Securities (USA) LLC ("Credit Suisse") and the Internal Revenue Service in a case arising out of taxes that Credit Suisse withheld when it paid Plaintiff a settlement award in an unrelated case. Although it has not formally appeared in this action, Credit Suisse has moved to dismiss Plaintiff's claims against it for want of service of process. (Docket Entry

23.) Plaintiff asked Credit Suisse to waive service, but Credit Suisse refused. (See id.) On February 21, 2012, the Court directed Credit Suisse to pay $200 into the Court in the event that it should later be liable, under Federal Rule of Civil Procedure 4(d)(1), for Plaintiff's reasonable costs in executing service. (See Docket Entry 30.) The Court also invited Credit Suisse to explain its good cause, if any, for refusing to waive service. (Id.)[1] On February 24, 2012, Credit Suisse deposited the $200 and filed a letter essentially explaining that it refused to waive service because it believes Plaintiff's suit is meritless. (See generally Docket Entry 32.) Of course, this is not a justifiable reason to refuse a waiver request. See, e.g., Morales v. SI Diamond Tech., Inc., No. 98-CV-8309, 1999 WL 144469, at *2 (S.D.N.Y. Mar. 17, 1999).

    The Court will consider Credit Suisse's motion to dismiss, along with the other motions pending in this action, in due course. In the meantime, Plaintiff is directed to serve Credit Suisse with the Summons and Complaint within thirty (30) days from the date of this order and to file proof of service with the Court. Plaintiff may then apply to have the reasonable costs of service reimbursed to him from the money that Credit

---

[1] At the February 21 motion conference, the Court directed Plaintiff to hold off on further attempts to serve Credit Suisse in case Credit Suisse changed its mind and decided to waive service upon receiving the Court's order, which was issued the same day.

2

Suisse has paid into Court. Plaintiff should include any applicable receipts with that application.

## CONCLUSION

The foregoing is the order of the Court. The Clerk of the Court is directed to mail copies of this order to the pro se Plaintiff and to Credit Suisse's counsel: Wendy J. Saperstone, Esq., Dewey Pegno & Kramarsky LLP, 777 Third Avenue, New York, NY 10017.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   July   13  , 2012
         Central Islip, New York

3