```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
CHESTER GERSTENBLUTH,

                Plaintiff,

        -against-                        MEMORANDUM & ORDER
                                         11-CV-2525 (JS)(GRB)
CREDIT SUISSE SECURITIES (USA) LLC
and the INTERNAL REVENUE SERVICE,

                Defendants.
-------------------------------------X
APPEARANCES
For Plaintiff:          Chester Gerstenbluth, pro se
                        41 Burton Avenue
                        Plainview, NY 11803

For the I.R.S.:         David Miller Steiner, Esq.
                        U.S. Department of Justice
                        P.O. Box 55
                        Washington, DC 20044

For Credit Suisse:      Stephen M. Kramarsky, Esq.
                        Angela Harris, Esq.
                        Dewey Pegno & Kramarsky LLP
                        220 East 42nd Street
                        New York, NY 10017
```

SEYBERT District Judge:

Pro se Plaintiff Chester Gerstenbluth sued Defendants Credit Suisse Securities (USA) LLC ("Credit Suisse") and the Internal Revenue Service (the "IRS") to recover tax payments that Plaintiff alleges were wrongfully withheld. Briefly, Credit Suisse settled Plaintiff's earlier age discrimination claim on terms that included a monetary award. Plaintiff claims that Credit Suisse incorrectly classified the payment as "Earned Income" instead of "Other Income," and that this error caused

Credit Suisse to withhold Social Security and Medicare taxes from the settlement payment. Credit Suisse forwarded the withheld taxes to the IRS, and Plaintiff sues both Credit Suisse and the IRS to recover these taxes. Pending before the Court are (1) Plaintiff's and the IRS' cross-motions for summary judgment (Docket Entries 25 and 26); (2) Credit Suisse's motion to dismiss for lack of service of process (Docket Entry 23); (3) Credit Suisse's motion to dismiss for lack of jurisdiction or for failure to state a claim (Docket Entry 38); and (4) Plaintiff's application to have his cost of serving Credit Suisse reimbursed (Docket Entry 41).

## DISCUSSION

Summary judgment is only appropriate where the moving party can demonstrate that there is "no genuine dispute as to any material fact" and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering this question, the Court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); FED. R. CIV. P. 56(c). "In assessing the record to determine whether there is a

genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134. The burden of proving that there is no genuine issue of material fact rests with the moving party. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994) (citing Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with specific facts," LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

I. Plaintiff's and the IRS' Cross-Motions

The primary issue in this case is whether Plaintiff's age discrimination settlement constituted "wages" received "with respect to employment" (and thus subject to Federal Insurance Contributions Act ("FICA") tax withholding). 26 U.S.C. § 3101(a). Money paid to settle employment discrimination

claims can be "wages," at least where the money represents back pay or front pay. See Noel v. New York State Office of Mental Health Central New York Psychiatric Center, --- F.3d ----, 2012 WL 3764527, at *3 (2d Cir. Aug. 31, 2012); see also Ramos v. Davis & Geck, Inc., 224 F.3d 30, 32 (1st Cir. 2000); Hemelt v. United States, 122 F.3d 204, 209 (4th Cir. 1997) (settlement payments in an ERISA case were subject to FICA withholding where plaintiffs' claims, "like claims under Title VII and the ADEA, are analogous to, and were designed to approximate, recovery for lost wages and other economic harms"). Here, the settlement agreement did not explicitly describe the settlement award as back pay or front pay, but the agreement did warn Plaintiff that his lump sum payment would be "minus applicable taxes and deductions." (Docket Entry 33-1 at 1.) And, it is undisputed that Credit Suisse characterized the settlement payment as "Wages, tips, other comp." on the Form W-2 that it issued to Plaintiff. (IRS 56.1 Stmt. ¶ 7; Docket Entry 18-2 (indicating that Plaintiff does not dispute the facts asserted in the IRS' 56.1 Stmt.).) From this evidence (and Plaintiff has not offered any evidence to the contrary), the Court concludes that the settlement payment constituted "wages" and was thus subject to FICA tax withholding. See Rivera v. Baker West, Inc., 430 F.3d 1253, 1257-58 (9th Cir. 2005) (an employer's withholding taxes

is evidence of its intent to treat the settlement as remuneration for lost wages).[1]

II. Credit Suisse's Motions

Credit Suisse's motion to dismiss for lack of service of process is DENIED. Its motion to dismiss for failure to state a claim is GRANTED because Plaintiff does not have a private right of action under the U.S. tax laws. See, e.g., Seabury v. City of N.Y., No. 06-CV-1477, 2006 WL 1367396, at *5 (E.D.N.Y. May 18, 2006) ("Private citizens cannot enforce the provisions of the Tax Code. . . . Federal courts have consistently refused to imply a private cause of action under the tax laws, including actions of employees against employers who have violated the requirements of the Tax Code."); White v. White Rose Food, 62 F. Supp. 2d 878, 886-87 (E.D.N.Y. 1999); DiGiovanni v. City of Rochester, 680 F. Supp. 80, 82 (W.D.N.Y. 1988).

III. Plaintiff's Request for Reimbursement

Because Credit Suisse refused Plaintiff's request that it waive service of process, the Court ordered Credit Suisse to pay $200 to the Court's registry. The Court explained at the

---

[1] The Court appreciates Plaintiff's potential confusion stemming from IRS Publication 4345, but that confusion is beside the point in this case because "the authoritative sources of Federal tax law are in the statutes, regulations, and judicial decisions and not in such informal publications." Zimmerman v. Comm'r of Internal Revenue, 71 T.C. 367, 370 (U.S. Tax Court 1978).

5

time that these funds would be used to reimburse Plaintiff the cost of service in the event that the Court determined that Credit Suisse did not have "good cause" for refusing Plaintiff's waiver request. (See generally Docket Entry 30.) The Court later determined that Credit Suisse did not have good cause for its refusal (Docket Entry 34 at 2), and Plaintiff has now asked the Court for an order reimbursing his $160 bill from his process server. This application (to which Credit Suisse has not objected) is GRANTED.

## CONCLUSION

Plaintiff's motion for summary judgment (Docket Entry 25) is DENIED. The IRS' motion for summary judgment (Docket Entry 26) is GRANTED. Credit Suisse's motion to dismiss for lack of service of process (Docket Entry 23) is DENIED, but its motion to dismiss for failure to state a claim (Docket Entry 38) is GRANTED.

Plaintiff's application for reimbursement of the costs incurred in serving Credit Suisse (Docket Entry 41) is GRANTED.

Within fourteen (14) days from the date of this Order, Credit Suisse shall reimburse Plaintiff $160 and file proof of the reimbursement with the Court.

The Clerk of the Court is respectfully directed to mail Plaintiff a copy of this Memorandum and Order. Further, upon proof that Credit Suisse has reimbursed Plaintiff the $160

6

described above, the Clerk is directed to release to Credit Suisse the $200 currently being held in the Court's registry plus the accrued interest.

The Clerk of the Court is directed to CLOSE this case.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   September   28  , 2012
         Central Islip, New York